OPINION
{¶ 1} Defendant-appellant, Mark A. Stone, filed this appeal from a decision by the Fayette County Court of Common Pleas finding him guilty of two counts of deception to obtain dangerous drugs pursuant to R.C.2925.22, felonies of the fifth degree; nine counts of deception to obtain dangerous drugs in violation of R.C. 2925.22, felonies of the fourth degree; six counts of deception to obtain dangerous drugs in violation of R.C. 2925.22, felonies of the fifth degree; and one count of attempted burglary in violation of R.C. 2923.02 and R.C.2911.12(A)(4), a felony of the fifth degree.[1] Appellant pled guilty to each of the above offenses and was sentenced to a total of four years of imprisonment and three years of post-release control.
 {¶ 2} Appellant's guilty pleas were the result of a plea bargain. In exchange for his guilty pleas, the state agreed to recommend that appellant be sentenced to four years in prison, which would be suspended if appellant applied to and was accepted by a residential drug treatment program for felony offenders called the "MonDay" program.
 {¶ 3} Appellant entered his guilty pleas on June 17, 2005, and was sentenced on August 1, 2005. After pleading guilty, appellant was sent to the probation department and instructed to keep in contact so that he could be evaluated for admission into the MonDay program. The record indicates that officials from the MonDay program visited Fayette County on two occasions between the time of appellant's plea and his sentencing hearing. On both occasions, the probation department attempted to contact appellant but was unable to reach him.
 {¶ 4} When appellant returned for sentencing, the court sentenced him to four years of incarceration because he had failed to obtain an assessment of eligibility for the MonDay program and was consequently not admitted into the program. The court observed that appellant had a lengthy criminal record and had previously violated probation. The court stated that appellant "very well understood that this was * * * his last chance [and] that he needed to comply * * *. He did not do that, he didn't show up, they couldn't get a hold of him[.] * * * I do not feel that he is capable of changing his ways. Every time he is placed on probation, he's violated for additional offenses."
 {¶ 5} Appellant now appeals the trial court's decision and asserts the following assignment of error:
 {¶ 6} "DEFENSE COUNSEL PROVIDED INEFFECTIVE ASSISTANCE WHEN IT PROVIDED (A) MISLEADING AND INACCURATE ADVICE REGARDING THE MONDAY TREATMENT PROGRAM AND (B) WHEN IT FAILED TO OFFER EXPLANATION FOR THE DEFENDANT'S FAILURE TO BE EVALUATED FOR THE MONDAY PROGRAM [sic]."
 {¶ 7} Appellant argues that he was "guaranteed" admission into the MonDay program by his trial counsel if he pled guilty, and that his trial counsel should have been responsible for making sure that he was evaluated by MonDay officials, and that counsel failed to offer an explanation at sentencing for appellant's failure to be evaluated.
 {¶ 8} A review of the plea agreements signed by appellant and the sentencing hearing transcript clearly show that while the proposed plea bargain would be recommended to the trial court, the trial court could nonetheless disregard the recommendation and sentence appellant to four years in prison. All of the plea agreements set forth the maximum prison sentence that might be imposed, and further advise that "a specific prison term may be suspended" and the defendant "may be placed on a continuum of legal sanctions * * *." (Emphasis added.) All of the plea agreements confirm appellant's understanding that he is "eligible for other sanctions but may be sentenced to a penal institution." At his plea hearing, appellant was told on multiple occasions that the court was not bound to do what the prosecutor recommends as far as sentencing. On each occasion, appellant indicated that he understood this.
 {¶ 9} Appellant and his counsel had the following conversation on the record at the plea hearing:
 {¶ 10} "[COUNSEL]: Okay. Now you also understand that the agreement would be that you would receive basically on the 3 indictments a, assuming the judge approves it, a 4 year prison sentence . . .
 {¶ 11} "[APPELLANT]: Um-hum.
 {¶ 12} "[COUNSEL]: Correct?
 {¶ 13} "[APPELLANT]: Right.
 {¶ 14} "[COUNSEL]: And that prison sentence would be suspended correct?
 {¶ 15} "[APPELLANT]: Right.
 {¶ 16} "[COUNSEL]: And that you would be placed on community control and as a condition of community control you would complete the MonDay program . . .
 {¶ 17} "[APPELLANT]: Right.
 {¶ 18} "[COUNSEL]: And if you get accepted into the MonDay program and if you complete the MonDay program that you would come out and you would still be on community control or probation for a maximum of 5 years, is that your understanding?
 {¶ 19} "[APPELLANT]: Yes.
 {¶ 20} "[COUNSEL]: Now there's also a down side to this; that we talked about. That if you plead guilty to these 3 indictments and for some reason you decide you don't want to do the MonDay program or for some reason you're not eligible for the MonDay program . . .
 {¶ 21} "[APPELLANT]: Right.
 {¶ 22} "[COUNSEL]: Then we're back before this court on these, on all of these counts that you've plead [sic] guilty to.
 {¶ 23} "[APPELLANT]: Right.
 {¶ 24} "[COUNSEL]: And that's a risk you're willing to take correct?
 {¶ 25} "[APPELLANT]: Yes.
 {¶ 26} "[COUNSEL]: Okay, um. . .is, is there anything else that we talked about as far as the agreement as I understand it and you understand it that I've not made you aware of? Or anything else that you believe is going on as far as the agreement?
 {¶ 27} "[APPELLANT]: No, you've done made yourself perfectly clear to me."
 {¶ 28} The record indicates that appellant understood that he would be sentenced to four years in prison if he was not accepted into the MonDay program, and there is no indication that his counsel "guaranteed" that he would receive a suspended sentence in exchange for his guilty pleas.
 {¶ 29} With respect to appellant's contention that his counsel was ineffective because counsel did not make sure that appellant was evaluated for the MonDay program, this was appellant's responsibility. Appellant failed to regularly report to the probation department and did not keep the probation department informed as to his location. The record reflects that on July 28, 2005, a request for capias was made by the prosecuting attorney in appellant's attempted burglary case because he had "failed to call the Probation Department, for at least two consecutive weeks, as he was instructed to do as a condition of his bond." Appellant's failure to keep in contact with the probation department directly resulted in his failure to obtain an assessment for the MonDay program prior to sentencing.
 {¶ 30} Appellant also contends that his trial counsel was ineffective because counsel failed to offer some explanation at the sentencing hearing why appellant had not been evaluated for the MonDay program. Given appellant's failure to keep in touch with the probation department as instructed, it is not clear what this "explanation" might have been. Counsel did attempt to get appellant assessed for admission into another drug treatment program, and appellant himself told the court that he was not aware that the probation department was trying to contact him.
 {¶ 31} Reversal of a conviction for ineffective assistance of counsel requires that the defendant show that counsel's performance was deficient, and that the deficient performance prejudiced the defendant. See Strickland v. Washington (1984), 466 U.S. 668, 687, 104 S.Ct. 2052;State v. Bradley (1989), 42 Ohio St.3d 136, paragraph two of the syllabus. The record fails to show that defense counsel's performance was deficient. Appellant was required to keep in contact with the probation department and obtain an assessment for admission into the MonDay program. These were appellant's responsibilities, not those of his appointed counsel. Appellant knew and understood he could be sentenced to up to four years of imprisonment if he was for some reason not eligible for the MonDay program, and indicated that was a risk he was willing to take.
 {¶ 32} Based upon the foregoing, the assignment of error is without merit and therefore overruled. The judgment of the trial court is affirmed.
YOUNG and BRESSLER, JJ., concur.
[1] Appellant was charged with these offenses in three separate indictments, which were combined for purposes of disposition by the trial court.